Filed: 8/23/2023 9:00 AM
Michael Gould
District Clerk
Collin County, Texas
By Shelby Rawa Deputy
Envelope ID: 78824757

CAUSE NO. 471-04925-2023

| | | |
|---|---|---|
| PRUVIT VENTURES, INC., | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § | ____ JUDICIAL DISTRICT |
| BRIANNA BLACKBURN, | § § § § | |
| Defendant. | § § | COLLIN COUNTY, TEXAS |

### PLAINTIFF PRUVIT VENTURES, INC.'S VERIFIED ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION, AND PERMANENT INJUNCTION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Plaintiff, Pruvit Ventures, Inc. ("Pruvit"), and files this its Verified Original Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction against Defendant Brianna Blackburn. In support thereof, Pruvit respectfully shows the Court the following:

### I.
### DISCOVERY LEVEL AND RULE 47 STATEMENT

1.   Pruvit intends to conduct discovery under Level 3, pursuant to Rule 190.3 of the TEXAS RULES OF CIVIL PROCEDURE. Pruvit affirmatively pleads that this lawsuit is not governed by the expedited action process under Rule 169 of the TEXAS RULES OF CIVIL PROCEDURE, as Pruvit states it seeks monetary relief over $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney fees, and for all other relief to which Pruvit may be entitled. *See* TEX. R. CIV. P. 47(c)(4), (d). As this lawsuit is at its inception and discovery has not yet been conducted, Pruvit reserves the right to modify and/or amend the foregoing statement of relief.

## II.
## PARTIES

2.   Pruvit Ventures, Inc. is a domestic corporation authorized to conduct business in the state of Texas with a principal place of business located in Collin County, Texas at 901 Sam Rayburn Hwy, Melissa, Texas 75454.

3.   Defendant Brianna Blackburn ("Blackburn") is an individual and a resident of Crawford County, Ohio. Blackburn resides at her home address of 7182 Leesville Road, Crestline, OH 44827, and may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701 as her agent for service, because Defendant Brianna Blackburn has engaged in business in Texas but has not designated or maintained a registered agent for service of process in Texas. TEX. CIV. PRAC. & REM. CODE § 17.044(b). Alternatively, Brianna Blackburn may be served at her residence located at 7182 Leesville Road, Crestline, OH 44827.

## III.
## JURISDICTION AND VENUE

4.   This Court has jurisdiction over the subject matter herein as the amount in controversy is within the jurisdictional limits of the Court. *See* TEX. R. CIV. P. 47(b).

5.   This Court has personal jurisdiction over Blackburn under the Texas Long-Arm Statute (TEX. CIV. PRAC. & REM. CODE § 17.042, et. seq.) because Defendant contracted with a Texas resident and has committed a tort, in whole or in part, against Pruvit in Texas as described in greater detail herein. Pruvit's claims and causes of action arise out of Blackburn's purposeful actions directed toward Pruvit in the State of Texas. Further Blackburn and Pruvit contractually agreed that all disputes between the Parties are subject to Texas law and shall be resolved in Courts located in Collin County, Texas.

6. Venue is proper in Collin County, Texas pursuant to §15.002(a)(1) of the TEXAS CIVIL PRACTICES & REMEDIES CODE as all or substantially all of the events giving rise to Pruvit's causes of action arose in Collin County and Defendant agreed to courts in Collin County, Texas. as the exclusive forum for resolution of disputes. *See* TEX. CIV. PRAC. & REM. CODE §15.002(a)(1).

## IV.
## STATEMENT OF FACTS

### A. PRUVIT VENTURES, INC. AND ITS AGREEMENTS WITH ITS PROMOTERS.

7. Pruvit is a worldwide leader in ketone technology and a pioneer in selling ketone products. Pruvit is a community-based marketing company that has independent promoters, called Pruvers, that market and sell its unique products throughout the country.

8. Over time, as senior Pruvit promoters bring in new promoters, an up-line and down-line structure is created. In many cases, Pruvit's successful Pruvers have created extensive downlines of fellow Pruvers totaling in the hundreds.

9. Pruvit invests significant amounts of time, money, and resources into protecting its technology and the integrity of its community of representatives. When a Pruver leaves Pruvit, it can adversely affect both the compensation of other Pruvers as well as the profits of Pruvit.

10. As part of Pruvit's business, it holds an exclusive sub-license to market ketone products that utilize BHB salts. For years, Pruvit has actively marketed and sold a product line that utilizes this ketone technology. In order to protect this license, the technology, Pruvit's customers, and its Pruvers, Pruvit requires each Pruver to agree to its Statement of Policies and Procedures (the "Pruver Agreement"). To maintain active Pruver status and to be eligible for any commissions and/or bonuses, Pruvers must agree to the terms of the current Pruver Agreement, which Blackburn did.

11. The Pruver Agreement, in pertinent part, prohibits a Pruver (such as Blackburn), during the term of the agreement and for a period of time following separation from Pruvit, from the following:

- Promoting products for other companies that compete with products offered by Pruvit;
- Recruiting Pruvit promoters and customers for any other direct sales or network marketing business;
- Engaging in discourteous, deceptive, misleading, unethical or immoral conduct and practices in connection with Pruvit and its products and services; and
- Promoting non-Pruvit products or services on the same social media site as Pruvit's products.

12. Defendant Blackburn is a former Pruver who voluntarily terminated her position with Pruvit on or about July 14, 2023. The Pruver Agreement prohibits Defendant Blackburn from recruiting Pruvers or customers to engage with or become a promoter, customer or distributor for another company.

13. Defendant Blackburn is actively engaging in efforts to promote and sell products of a competitor company of Pruvit named Green Compass, Inc. ("Green Compass"). Green Compass develops and promotes wellness products competitive with those of Pruvit.

14. Defendant's efforts are a breach of paragraph 3.6 of the Pruver Agreement which prohibits the promotion of competitive products and the promotion of non-Pruvit products and services on the same social media sites as Pruvit's products and services. Defendant is aggressively recruiting Pruvit's customers and promoters in further violation of her contractual obligations to Pruvit. Defendant Blackburn engaged in this conduct prior to and after the termination of her promoter relationships with Pruvit.

15. Defendant has recruited current Pruvers to join Green Compass via Facebook

posts and personal interactions. Defendant's various online and social media accounts are replete with examples of such breaches. Defendant has posted videos promoting Green Compass over Pruvit and invited current Pruvers to participate and comment. For example:



16. Defendant is aware that the individuals she is recruiting away from Pruvit are subject to and bound by non-competition and confidentiality clauses in the Pruver Agreement – the same contractual obligations that Defendant is bound to follow. Despite such knowledge and awareness, Defendant has proceeded to actively solicit other Pruvers and encourage them to leave Pruvit and purchase and sell competing products.

17. Pruvit recently became aware of Defendant's improper and malicious efforts because some Pruvers have rebuffed Defendant. The full breadth of Defendant's misconduct is unknown.

18. Defendant's conduct constitutes a breach of the Pruver Agreement. Defendant's conduct also constitutes tortious interference with Plaintiff's contracts, specifically the agreements with Plaintiff's Pruvers and its current and future customers. There is also a reasonable probability Pruvit would have recruited and contracted with more Pruvers and customers had Defendant not breached her contractual obligations.

19. Discovery of Green Compass' distributor and customer lists is expected to reveal Pruvers and Pruvit customers who were not only recruited, but left Pruvit, and joined Green Compass due to Defendant's improper conduct. Pruvit also anticipates that upon the completion of its investigation, additional entities and/or individuals will be identified to have participated or conspired with Defendant in the misconduct made the subject of this suit.

## V.
## CAUSES OF ACTION

20. The factual allegations set forth in the foregoing paragraphs are incorporated herein by reference for all purposes as if set forth in full:

**COUNT 1–BREACH OF CONTRACT**

21. Pruvit and Defendant entered into the above-referenced Pruver Agreement. The

Pruver Agreement specifically provides, in pertinent part, that Defendant is not to: (1) promote products for other companies that compete with products offered by Pruvit; (2) solicit Pruvit promoters and customers for any other direct sales or network marketing business; (3) engage in discourteous, deceptive, misleading, unethical or immoral conduct and practices in connection with Pruvit and its products and services; and (4) promote non-Pruvit products or services on the same social media site as Pruvit's products and services.

22. Pruvit performed under its agreements with Defendant by supplying her with services and products to sell and by giving her a platform to generate income.

23. Defendant Blackburn has breached the Pruver Agreement by promoting and selling competitive products, including on the same social media site as those products and services of Pruvit, and recruiting other Pruvers for her own benefit and/or that of a competitor. Defendant further breached the Pruver Agreement by promoting and selling Green Compass' products to current and former Pruvers and customers of Pruvit. Pruvit expects that more breaches will be revealed through discovery in this case.

24. As a result of these breaches, Pruvit has suffered harm, and will continue to suffer actual damage or loss, including lost profits, loss of good will and harm to customer relationships, and loss of future contracts and business prospects, all for which Defendant Blackburn is liable.

**COUNT 2–TORTIOUS INTERFERENCE WITH EXISTING CONTRACTS**

25. Pruvit was a party to valid contracts with third parties, including its Pruvers and customers.

26. Defendant Blackburn has willfully and intentionally interfered with those contracts by encouraging current Pruvers and customers of Pruvit to cease doing business with Pruvit. Pruvit fully expects that additional specific Pruvers and contracts will be revealed through discovery in

this case. Defendant knew these third parties had contracts with Pruvit when she contacted them. Defendant's interference with Pruvit's contracts proximately caused Pruvit actual damages and losses. Moreover, Defendant's interference has caused, and continued to cause, disruption to Pruvit's business.

## COUNT 3– TORTIOUS INTERFERENCE WITH PROSPECTIVE RELATIONS

27. Additionally, there was a reasonable probability that Pruvit would have entered into contracts with Pruvers and customers, had Defendant Blackburn not intentionally interfered with the formation of those relationships. Defendant Blackburn intentionally interfered with those relationships. Defendant's interference with Pruvit's prospective contracts proximately caused Pruvit actual damages and losses, including loss of those contracts and sales generated therefrom. Moreover, Defendant Blackburn's interference has caused, and continues to cause, disruption to Pruvit's business.

## VI.
## APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION, AND PERMANENT INJUNCTION

28. The factual allegations set forth in the foregoing paragraphs are incorporated herein by reference for all purposes as if set forth in full:

29. Pruvit's Application for Temporary Restraining Order and Temporary Injunction is authorized by Sections 65.011(2) and (3) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

30. Pruvit is likely to suffer permanent and irreparable harm if an injunction is not entered. There is no other adequate remedy at law and Pruvit seeks the equitable intervention of this Court. Therefore, for the foregoing reasons as stated above in this Petition, Pruvit requests the Court issue a Temporary Restraining Order and Temporary Injunction immediately restraining and enjoining the conduct outlined in the preceding paragraphs.

31. **Conduct to be Restrained.** In order to preserve the status quo pending the final trial on the merits of this case, Pruvit asks this Court to issue a Temporary Restraining Order and Temporary Injunction to restrain and enjoin Defendant Blackburn, both directly and indirectly, as well as her respective agents, employees, servants, attorneys, representatives, affiliates, entities, successors, and assigns, and any and all other persons and entities under their control and/or direction, or acting in active concert and participation with them, from engaging in any of the following:

  a. Inducing, in any manner, any existing customer of Pruvit to terminate his/her/its business relationship with Pruvit;

  b. Inducing, in any manner, any existing promoter of Pruvit to terminate his/her/its business relationship with Pruvit;

  c. Inducing, in any manner, any existing promoter of Pruvit to violate or breach the terms of his/her/its Pruver Agreement;

  d. Directly or indirectly recruiting, in any manner, any other Pruvit promoters and customers for any other direct sales or network marketing business;

  e. Promoting, in any manner, non-Pruvit products or services on any social media sites or platforms used to promote Pruvit's products previously;

  f. Directly or indirectly disclosing or otherwise using, in any manner, any confidential and/or proprietary information relating to Pruvit or any of its products and services;

  g. Promoting or marketing Competitors' products, to existing customers and promoters of Pruvit; and

  h. Making and/or publishing false or misleading claims about Pruvit's products.

32. **Plaintiff is Likely to Succeed on the Merits.** Pruvit has a probable right to relief upon final hearing. In particular, Pruvit will present evidence of Defendant Blackburn's breach of and interference with contracts and evidence of causation and the extent of Pruvit's damages.

33. **Harm to Plaintiff is Imminent and Irreparable.** Harm to Pruvit is imminent and irreparable. Defendant Blackburn conduct is ongoing and has caused and will continue to cause irreparable harm to Pruvit. The damage to Pruvit's reputation and that of its products, as well as the continuing disruption caused by Defendant Blackburn to Pruvit's business is immeasurable. Moreover, so long as Defendant Blackburn's conduct continues, it will be impossible to identify and calculate the extent of the harm to Pruvit and quantify Pruvit's damages.

34. **No Adequate Remedy at Law.** In the absence of injunctive relief, Pruvit has no adequate remedy at law. Breach of non-compete, non-disclosure, and non-solicitation agreements is the epitome of irreparable harm justifying injunctive relief. Further, Defendant is not a Texas resident and upon information and belief lacks property or assets in Texas sufficient to satisfy a judgment for damages. It is essential that the Court immediately restrain Defendant Blackburn from continuing the conduct described herein. Pruvit is willing to post a bond in accordance with TEX. R. CIV. P. 684.

35. **Hearing.** In compliance with the TEXAS RULES OF CIVIL PROCEDURE, Pruvit is entitled to a hearing providing the relief requested above to give it an opportunity to be heard by the Court. Pruvit requests that the Court set a hearing to consider whether temporary injunctive relief should be granted pending a trial on the merits.

36. **Permanent Injunctive Relief.** Pruvit further pleads for a permanent injunction, enjoining Defendant Blackburn from engaging in the above acts for the appropriate time period as agreed by the parties, following a trial of this cause.

## VII.
## CONDITIONS PRECEDENT

37. All conditions precedent to Pruvit's right to bring the above causes of action, and for recovery requested herein, have been performed, excused, or otherwise already occurred.

## VIII.
## EXEMPLARY DAMAGES

38. Pruvit is entitled to exemplary damages for Defendant Blackburn's intentional conduct, because such acts were committed with that level of mental culpability for which Texas law allows a jury to impose punitive damages. Pruvit seeks an award of such damages.

## IX.
## ATTORNEY FEES

39. Pruvit seeks the recovery of attorney's fees pursuant to TEX CIV. PRAC. & REM. CODE § 38.001.

## X.
## PRAYER

40. Pruvit therefore requests that Defendant Brianna Blackburn be cited to appear and answer, and that upon final hearing, Pruvit be awarded the following:

(1) A Temporary Restraining Order, Temporary Injunction, and Permanent Injunction be issued restraining and enjoining Defendant Blackburn, both directly and indirectly, as well as her respective agents, employees, servants, attorneys, representatives, affiliates, entities, successors, and assigns, and any and all other persons and entities under their control and/or direction, or acting in active concert and participation with them, from the conduct described herein;

(2) Pruvit be granted judgment against Defendant Brianna Blackburn for damages within the jurisdictional limits of this Court;

(3) Defendant Brianna Blackburn be disgorged of any profits obtained because of the subject breaches and improper conduct referenced herein;

(4) Pruvit be granted judgment against Defendant Blackburn for exemplary damages within the jurisdictional limits of this Court;

(5) Pruvit be granted judgment against Defendant Brianna Blackburn for reasonable and necessary attorney's fees, costs of suit, and pre- and post-judgment interest; and

(6) Pruvit be granted such other relief, at law or in equity, as is just and proper.

Respectfully submitted,

**SCHEEF & STONE, LLP**

*/s/ Byron K. Henry*

**BYRON K. HENRY**
State Bar No. 24008909
byron.henry@solidcounsel.com
**KELLY E. KLEIST**
State Bar No. 24046229
kelly.kleist@solidcounsel.com
2600 Network Blvd., Suite 400
Frisco, Texas 75034
Tel.:  (214) 472-2100
Fax:   (214) 472-2150

**ATTORNEYS FOR PLAINTIFF
PRUVIT VENTURES, INC.**

## VERIFICATION

**STATE OF TEXAS**           §
                             §
**COUNTY OF COLLIN**         §

Before me, the undersigned Notary Public, on this day personally appeared Jenifer Grace, who, after being duly sworn, stated under oath that she is the Chief Legal Officer for Pruvit Ventures, Inc., that she has read Plaintiff Pruvit Ventures, Inc.'s Verified Original Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction (the "Application"), and that she is authorized to make this verification and apply for injunctive relief. Jenifer Grace further stated that every statement of fact contained in the Statement of Facts (Paragraphs 7-19) are true and correct.

*[signature]*
Jenifer Grace, Chief Legal Officer
Pruvit Ventures, Inc.

SUBSCRIBED AND SWORN TO BEFORE ME on the 21st day of August, 2023, to certify which witness my hand and official seal.



KARI STANISH
Notary Public, State of Texas
Comm. Expires 03-30-2024
Notary ID 128939336

*[signature]* Kari Stanish
Notary Public for the State of Texas

## LOCAL RULE 2.4 CERTIFICATE

In accordance with Local Rule 2.4(b), the undersigned certifies that irreparable harm is imminent and there is insufficient time to notify Brianna Blackburn of Pruvit's Application for Temporary Restraining Order.

*[signature]*
BYRON K. HENRY

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jeri Hamman on behalf of Byron Henry
Bar No. 24008909
jeri.hamman@solidcounsel.com
Envelope ID: 78824757
Filing Code Description: Plaintiff's Original Petition (OCA)
Filing Description: Plaintiff Pruvit Ventures, Inc.'s Verified Original Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction
Status as of 8/23/2023 11:29 AM CST

Associated Case Party: Pruvit Ventures, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Byron Henry | | byron.henry@solidcounsel.com | 8/23/2023 10:51:30 AM | SENT |
| Kelly Kleist | | kelly.kleist@solidcounsel.com | 8/23/2023 10:51:30 AM | SENT |
| Leslie Sanderson | | leslie.sanderson@solidcounsel.com | 8/23/2023 10:51:30 AM | SENT |
| Jenifer Grace | | filings@gracefirm.com | 8/23/2023 10:51:30 AM | SENT |